UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE #1, et al.,

    Plaintiffs,

    v.

JOHN KERRY, et al.,

    Defendants.

Case No. 16-cv-0654-PJH

**ORDER PROVISIONALLY GRANTING LEAVE TO PROCEED UNDER PSEUDONYMS**

Before the court is the application of plaintiffs John Doe #1, John Doe #2, John Doe #3, and John Doe #4 (collectively, "plaintiffs") to proceed under pseudonyms and to file under seal. In their complaint, which was filed on February 9, 2016, plaintiffs do not use their actual names, arguing that they are "reasonably concerned that they and their families will face threats of harassment and physical violence, even death, if their true identities are disclosed as a result of their participation in this lawsuit."

The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I through XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000). The court then set forth the following factors to be considered: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation. Id. After considering those factors, the court "must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." Id.

In their application, plaintiffs represent that they "are reasonably concerned about the risk of retaliation by the federal government for challenging the International Megan's

Law, yet the other circumstances justifying anonymity also apply." Plaintiffs provide no support for their concern about government retaliation, but they do list a number of examples of violent acts against registered sex offenders, and note the fact that the law challenged by this lawsuit has already "attracted the attention of local and state media." Plaintiffs argue that they "reasonably believe that they will suffer emotional and/or physical harm if their identities are made public as a result of this lawsuit."

Based on the above showing, the court provisionally GRANTS plaintiffs' application to proceed under pseudonyms. If, after appearing in the lawsuit, defendants oppose plaintiffs' request to proceed anonymously, the court will revisit the issue at that time.

Within seven days of the date of this order, plaintiffs shall file under seal an unredacted version of the complaint, reflecting plaintiffs' true identities, on the court's docket. Defendants may reveal plaintiffs' true identities (or any information or distinguishing characteristics which could reveal their identities) only to attorneys litigating this action on their behalf. Any person or entity who comes to learn of plaintiffs' true identities (or any information or distinguishing characteristics which could reveal their identities) by means of, or as a result of, this litigation, is ordered not to disseminate such information to any person or entity not authorized by the court to receive such information.

Finally, because of the provisional nature of this order, the court will not issue a blanket order allowing plaintiffs to file other documents under seal. Plaintiffs may continue to refer to themselves as "John Doe" in documents filed with the court, and may redact their names where appropriate, but they must seek leave to file the entirety of any document under seal.

**IT IS SO ORDERED.**

Dated: February 10, 2016

_____
PHYLLIS J. HAMILTON
United States District Judge